**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA LAURA ROMERO-YANEZ, | No.    13-73133 |
| Petitioner, | Agency No. A075-121-247 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2019[**]
San Francisco, California

Before:  HAWKINS, McKEOWN, and BENNETT, Circuit Judges.

Martha Laura Romero-Yanez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order of removal and denial of her motion to suppress.  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not err in concluding that the evidence of Romero-Yanez's alienage that Immigration and Customs Enforcement ("ICE") obtained during the raid of Sun Valley Floral Farms was not obtained in violation of Romero-Yanez's constitutional rights or any laws or regulations. Romero-Yanez was not entitled to advisement of her rights under 8 C.F.R. § 287.3(c) because the raid, and the subsequent questioning at McKinleyville Coast Guard Station ("McKinleyville Station"), took place well before formal removal proceedings were commenced against her. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir. 2009). Nor does Romero-Yanez present evidence compelling the conclusion that the administrative search warrant pursuant to which ICE conducted the raid egregiously violated her Fourth Amendment rights by improperly authorizing her arrest. *See Orhorhaghe v. I.N.S.*, 38 F.3d 488, 493 (9th Cir. 1994); *Int'l Molders and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 552–53 (9th Cir. 1986). Finally, Romero-Yanez presents no evidence compelling the conclusion that conditions during the raid or at McKinleyville Station were so coercive that Romero-Yanez's "will was overborne," thus admitting the Form I-213 would not violate her Fifth Amendment rights. *See Ortiz v. Uribe*, 671 F.3d 863, 869 (9th Cir. 2011) (citation omitted).

**PETITION FOR REVIEW DENIED.**